Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **JOSE RIVERA QUIÑONES**<br><br>Recurrente<br><br><br>v.<br><br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION**<br><br>Recurrida | KLRA202400614 | **REVISIÓN ADMINISTRATIVA** Procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br><br>CASO: **CDB-516-24**<br><br><br>Sobre: **Solicitud de Cannabis Medicinal** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece ante nos José Rivera Quiñones, en adelante, Rivera Quiñones o recurrente, solicitando que revisemos una determinación del Departamento de Corrección y Rehabilitación, en adelante, DRC o recurrido, del 2 de agosto de 2024. En la misma, el recurrido le denegó permiso al recurrente para el uso de cannabis medicinal en la institución carcelaria en donde se encuentra.

Por los fundamentos que expondremos a continuación, *confirmamos* la determinación recurrida.

### I.

El recurrente se encuentra confinado en la Institución 1072 del Municipio de Bayamón. El 15 de julio de 2024, Rivera Quiñones presentó la *"Solicitud de Remedio Administrativo"* CDB 516-24 ante

la División de Remedios Administrativos del DCR.[1] En la misma, indicó que era paciente de insomnio y ansiedad. También expresó que tenía licencia de cannabis, con cuyo tratamiento atendía ambas condiciones. Sin embargo, explicó que desde que dejó de recibir tratamiento de cannabis, sus condiciones se han complicado. Por ello, solicitó que se le permita consumir cannabis, tomando las medidas de seguridad y médicas necesarias, por la institución.

Así las cosas, el 2 de agosto de 2024, la División de Remedios Administrativos respondió a la solicitud del recurrente.[2] Le indicaron que el tratamiento de cannabis medicinal no estaba disponible en el Sistema de Salud Correccional, pero sería referido a la clínica de salud mental del DCR. Además, se le indicó que se le programarían citas con un Trabajador Social y una Psiquiatra.

Inconforme, Rivera Quiñones presentó una *"Solicitud de Reconsideración"* el 20 de agosto de 2024, ante la División de Remedios Administrativos.[3] En su solicitud, arguyó que en la libre comunidad fue evaluado por un profesional de salud, y que si el DCR no podía costear el cannabis medicinal, él asumiría el gasto.

Así las cosas, el 20 de septiembre de 2024, la División de Remedios Administrativos emitió una *"Resolución",* en la que determinó que los servicios médicos ofrecidos por Physician Correctional son competentes para tratar las condiciones señaladas por el recurrente.[4] Resaltó, además, que se le brindaría a Rivera Quiñones las opciones necesarias para continuar sus tratamientos fuera del uso del cannabis medicinal.

Posteriormente, el 30 de octubre de 2024, el recurrente comparece ante esta Curia, solicitando que ordenemos al DCR que habilite un área donde el recurrente puede consumir el cannabis

---

[1] Apéndice del recurso, Anejo I.
[2] *Id.,* Anejo II.
[3] *Id.,* Anejo III.
[4] *Id.,* Anejo 5(b)

medicinal que desea costear. En su recurso, además, indica que su licencia para el cannabis medicinal *está vencida.*

Mediante *"Resolución"* del 14 de noviembre de 2024, le concedimos treinta (30) días al Procurador General para que se expresara en cuanto al recurso de marras. El 2 de diciembre de 2024, la recurrida, representada por el Procurador General radicó su *"Escrito en Cumplimiento de Resolución".*

Perfeccionado el recurso ante nos, procedemos a resolver.

## II.

### A. Revisión Judicial de Agencias Administrativas

Sabido es, que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc.,* 2024 TSPR 70, 213 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 2024 TSPR 29, 213 DPR ___ (2024); *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 88-89 (2022); *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Id.*; *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 216 (2012).

El Art. 4.006, de la Ley de la Judicatura de 2003, 4 LPRA sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este Foro conocerá mediante recurso de revisión judicial, las decisiones, órdenes y

resoluciones finales de organismos o agencias administrativas. *AAA v. UIA,* 200 DPR 903, 910-911 (2018); *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 543 (2006); *Procuradora Paciente v. MCS,* 163 DPR 21, 33-34 (2004).

La revisión se ciñe a determinar si: (1) el remedio concedido por la agencia fue el apropiado, (2) las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo y (3) las conclusiones de derecho fueron correctas. Respeto a la resolución administrativa se sostiene hasta que no se presente evidencia suficiente para derrotar la presunción de legalidad. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *OEG v. Martínez Giraud, supra,* a la pág. 90.

Los procesos administrativos y las determinaciones de hechos de las agencias están cobijadas por una presunción de regularidad y corrección. Íd.; *Henríquez v. Consejo de Educación Superior,* 120 DPR 194, 210 (1987). Su revisión se circunscribe a determinar si la actuación de la agencia es arbitraria, ilegal o irrazonable. *Pérez López v. DCR,* 208 DPR 656, 673 (2022)*; DACO v. Toys "R" US,* 191 DPR 760, 764 (2014*); O.E.G. v. Rodríguez,* 159 DPR 98, 119 (2003). La presunción de corrección a favor de las determinaciones de hechos de los organismos y agencias administrativas únicamente puede ser derrotada cuando la parte que la impugne presente evidencia suficiente de que la determinación tomada fue incorrecta. *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744 (2012); *Pereira Suárez v. Jta. Dir Cond.,* 182 DPR 485, 511 (2011); *Com. Seg. v. Real Legacy Assurance,* 179 DPR 692, 717 (2010).

La deferencia a la interpretación que las agencias hacen sobre las leyes que le corresponde poner en vigor, cede cuando: 1) erró al aplicar la ley, 2) actuó arbitraria, irrazonable o ilegalmente o 3) lesionó derechos constitutivos fundamentales. El criterio

administrativo no prevalece, cuando la interpretación estatutaria que realiza la agencia provoca un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y con la política pública promovida. *OEG v. Martínez Giraud,* supra, pág. 91. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Rolón Martínez v. Supte. Policía*, supra, págs. 35-36; *Otero v. Toyota*, 163 DPR 716, 728 (2005).

### B. Ley MEDICINAL (Cannabis)

Según la exposición de motivos de la Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites, mejor conocida como Ley MEDICINAL, Ley Núm. 42 de 9 de julio de 2017, 24 LPRA sec. 2621, se promulgó, entre otras cosas, para crear un marco legal que atendiera el uso del cannabis medicinal.

El Artículo 2 de la Ley MEDICINAL, supra, sec. 2621a, define un "Paciente" bajo el crisol de la Ley en cuestión como la persona "que recibe una recomendación de un médico autorizado para el cannabis medicinal como tratamiento para su condición *y a la cual se le ha expedido una identificación* por la Junta luego del proceso de registro, conforme al marco de esta Ley MEDICINAL y los reglamentos que se aprueben conforme a la misma".

Además, el Artículo 10(b) de la precitada Ley, supra, sec. 2623b, establece que el paciente que haga uso de cannabis medicinal, así debe hacerlo "en hogares y lugares privados, según definido en esta Ley", prohibiendo así su uso en lugares públicos. Finalmente, destacamos que el Artículo 12 de la Ley Medicinal, supra, sec. 2623d, dispone que las identificaciones para el uso autorizado de cannabis medicinal deben renovarse anualmente.

**III.**

Rivera Quiñones recurre ante nos solicitando que, mediante el recurso de revisión administrativa de autos, ordenemos al DCR a proveerle un espacio para el uso de cannabis medicinal. Sin embargo, nos vemos impedidos de conceder la mencionada solicitud.

Como vimos previamente, las decisiones administrativas gozan de una presunción de corrección, que merece deferencia. Es responsabilidad de la parte que rete la decisión administrativa rebatir la presunción de corrección y legalidad de la cual goza esta. Los foros que revisen las decisiones administrativas cederán la deferencia ante estas, solo cuando haya mediado error, perjuicio o parcialidad por parte de la agencia recurrida.

En el caso de autos, el DCR atendió la solicitud del recurrente, a nuestro juicio, de manera asertiva. La recurrida no se limitó a denegarle los servicios solicitados por Rivera Quiñones. Aunque le indicó que no se le podía proveer el espacio para el uso de cannabis medicinal, le propició una solución. El DCR indicó que para atender el asunto del insomnio y la ansiedad del recurrente, lo estaría refiriendo a los profesionales indicados dentro del sistema de salud correccional.

Por otro lado, entendemos que esta era la única respuesta apropiada en este caso en particular. Como vimos, la Ley MEDICINAL establece que el uso de cannabis medicinal solo podrá ser utilizado por personas pacientes, según estos están definidos en la Ley. El mismo recurrente nos indicó *que ya no cuenta con el permiso estatutario para el uso de cannabis medicinal.* Finalmente, la Ley MEDICINAL establece un contorno claro con relación a los lugares en donde se puede consumir el cannabis medicinal – en lugares privados. La institución carcelaria en donde se encuentra el recurrente no cumple con este criterio.

## IV.

Por los fundamentos antes esbozados, *confirmamos la determinación recurrida.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones